Paul G. Cereghini (009641)
Stephanie L. Chilton (016421)
Corey I. Richter (024239)
**BOWMAN AND BROOKE LLP**
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona  85012-2761
(602) 643-2300
(602) 248-0947 – Fax
paul.cereghini@bowmanandbrooke.com
stephanie.chilton@bowmanandbrooke.com
corey.richter@bowmanandbrooke.com
Minute Entries:  mme@phx.bowmanandbrooke.com

Attorneys for Defendant Chrysler Group LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JUAN CARRILLO SANTA CRUZ, individually and as Surviving Spouse of, EVANGELINA LOPEZ MOROYOQUI, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> GITI TIRE CORPORATION, a foreign corporation; GITI TIRE (USA), LTD., a foreign corporation; GITI TIRE (FUJIAN) CO., LTD., a foreign corporation; CHRYSLER GROUP, LLC, a foreign corporation; JOHN DOES I-X; JANE DOES I-X; BLACK AND WHITE CORPORATIONS, I-X, <br><br> Defendants. | No. <br><br> **DEFENDANT CHRYSLER GROUP LLC'S NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant Chrysler Group, LLC ("Chrysler Group") hereby removes the above-captioned action from the Superior Court of the State of Arizona in and for the County of Pinal, to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1332 and 1446.  A copy of this notice of removal is concurrently filed with the Clerk of the Superior Court of the State of Arizona in and for the County of Pinal in order to effect removal pursuant to 28 U.S.C. § 1446(b) and (d), and in accordance with Local Rule 3.7, Rules of

8634865v1

Practice of the United States District Court for the District of Arizona. The State Court shall proceed no further unless and until this case is remanded. 28 U.S.C. § 1446(d).

Defendant submits this Notice of Removal pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1332, and in support hereof will show:

## I.    HISTORY OF PROCEEDINGS

1.    On May 9, 2014, Plaintiff Juan Carrillo Santa Cruz, individually and as surviving spouse of Evangelina Lopez Moroyoqui, filed a Complaint in the Pinal County Superior Court for the State of Arizona captioned <u>Plaintiff Juan Carrillo Santa Cruz, individually and as Surviving Spouse of Evangelina Lopez Moroyoqui, deceased, Plaintiffs v. Giti Tire Corporation, a foreign corporation; Giti Tire (USA), Ltd., a foreign corporation; Giti Tire (Fujian) Co., Ltd., a foreign corporation; Chrysler Group, LLC, a foreign corporation; John Does I-X; Jane Does I-X; Black & White Corporations I-X, Defendants</u>, bearing Case No. CV2014-01245.

2.    Plaintiff's Complaint alleges that Juan Carrillo Santa Cruz was injured, and Evangelina Lopez Moroyoqui died, when the vehicle that Plaintiff Juan Carrillo Santa Cruz was driving lost control, left the roadway, and rolled over. Plaintiff's Complaint alleges that "Juan Carrillo Santa Cruz sustained multiple traumatic injuries in the collision but survived," and alleges that "Evangelina Lopez Moroyoqui suffered severe craniocerebral injuries in the collision [and] died from these injuries."

3.    Chrysler Group was served with a Summons and the Complaint on May 15, 2014.

4.    Because this Notice of Removal is filed within thirty (30) days after Chrysler Group's receipt of the Complaint, this Notice of Removal is timely filed under United States Code, Title 28, section 1446(b).

5.    In compliance with Rule 3.7 of the Rules of Practice in the United States District Court for the District of Arizona, true and complete copies of all state court filings in this matter are attached collectively as Exhibit "A."

6.     This action is a civil action that falls under the Court's original jurisdiction pursuant to United States Code, Title 28, section 1332, and is one that may be removed to this Court by Defendants pursuant to the provisions of Title 28, section 1441 (a) and (c).

7.     Upon information and belief, and according to the Pinal County Superior Court docket, Giti Tire Corporation, Giti Tire (USA), and Ltd., Giti Tire (Fujian) Co., Ltd., have not been served with a summons and the Complaint in this matter and, therefore, those entities need not consent to removal of this action to this Court.  *See* 28 U.S.C § 1446(b)(2)(A).

8.     Written notice of this Notice of Removal will be promptly given to all parties in this action.   The written notice of filing and a copy of the Notice of Removal is being filed simultaneously with the clerk of the Pinal County Superior Court for the State of Arizona, a copy of which has been attached as Exhibit "B."

## II.   GROUNDS FOR REMOVAL

This case is removable pursuant to United States Code, Title 28, section 1441, because the United States District Court has original jurisdiction under Title 28, section 1332(a), which provides in pertinent part: "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states."   In filing this Notice of Removal, Chrysler Group does not waive any defenses available to it in this action or its right to challenge this Court's personal jurisdiction.  Chrysler Group demands a trial by jury.

### A.   Diversity of Citizenship

1.     Plaintiff is alleged to be a resident of Maricopa County, Arizona. *See* Complaint, Ex. A, ¶ 2.  Therefore, Plaintiff is a citizen of the State of Arizona.

2.     Defendant Chrysler Group is a Delaware limited liability company with its principal place of business in the State of Michigan.

/ / / /

/ / / /

1
2
3

    3.     Therefore, there is complete diversity of citizenship between the parties[1] and this case meets the diversity requirement for federal jurisdiction under United States Code, Title 28, section 1332(a).

4
5
6
7

    4.     Based upon information and belief, no fictitious defendant has been served with process.  For removal purposes, the citizenship of fictitious defendants is in any event ignored.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

8

    **B.**    **Amount in Controversy**

9
10
11
12
13
14
15
16
17
18
19
20

    1.     Plaintiff does not specify the precise amount of alleged damages in his Complaint.  Nonetheless, even if the Court determines that it is not evident on the face of the Complaint that the amount in controversy exceeds $75,000, the Court may look beyond the face of the Complaint.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint" (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375-77 (9th Cir. 1997))); *Gaus v. Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992).  Furthermore, the removing defendant need not establish the amount in controversy with 100% accuracy.  *Valdez*, 372 F.3d at 1117.  It need only establish by a preponderance of the evidence that the amount in controversy is in excess of $75,000.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996)).

21
22
23
24
25

    2.     Plaintiff is seeking damages for the death of Evangelina Lopez Moroyoqui including, among other things: (1) "personal losses in an amount far in excess of the minimum jurisdictional limits of this Court;" (2) "emotional loss, including the loss of love, affection, comfort, companionship, and society that he would have received from Evangelina Lopez Moroyoqui had she lived;" and (3)

26
27
28

---

[1] Notably, the other named defendants who, upon information and belief, have never been served with a summons and the Complaint in this action, are, according to Plaintiff's Complaint, foreign entities as well.

"pain, grief, sorrow, anguish, stress, shock, and mental suffering." Furthermore, Plaintiff is seeking damages for his personal injuries, which he characterizes as "permanent in nature," including, (1) past and future "medical care, treatment and medication;" (2) past and future "physical pain and mental anguish"; and (3) past and future "physical impairment, limitation of activities and loss of life's enjoyment."

3.      Without conceding that Plaintiff is entitled to any damages, it is facially apparent by a preponderance of evidence that the amount in controversy asserted in Plaintiff's claims exceeds $75,000.  If the Court for any reason is inclined to disagree, Chrysler Group would respectfully request the opportunity to conduct additional jurisdictional discovery to confirm the amount in controversy.

## III.    CONCLUSION

WHEREFORE, Chrysler Group requests that this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the Arizona Superior Court regarding the action be stayed.  Chrysler Group further demands that the trial of this matter in federal court be heard by a jury.

Dated this 5th day of June, 2014

BOWMAN AND BROOKE LLP

By:      /s/ Corey I. Richter
Paul G. Cereghini
Stephanie L. Chilton
Corey I. Richter

Attorneys for Chrysler Group LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of June, 2014, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and forwarded a copy by regular mail of the United State Post Office to:

> Jose de Jesus Rivera
> Nathan Fidel
> HARALSON, MILLER, PITT, FELDMAN
>   & McANALLY, PLC
> 2800 N. Central Avenue, Suite 840
> Phoenix, AZ  85004
> Co-Counsel for Plaintiff
>
> Robert E. Ammons
> THE AMMONS LAW FIRM, L.L.P.
> 3700 Montrose Blvd.
> Houston, TX  77006
> Co-Counsel for Plaintiff


___/s/ Gloria J. Anderson_____

# EXHIBIT "A"

**In the Superior Court of the State of Arizona**
**In and For the County of Pinal**

Case Number CV2 **0 1 4 0 1 2 4 5**

## CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney
Jose de Jesus Rivera SBN 004604
Nathan J. Fidel,  SBN 025136
Robert E. Ammons ASB#027814

Attorney Bar Number _____
Plaintiff's Name(s):  (List all)

Juan Carrillo Santa Cruz, individually and as

surviving spouse of Evangelina Lopez Moroyoqui, deceased

_____

_____

Plaintiff's Address:

KAREN J. STILLWELL

_____

_____

_____

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)

Giti Tire Corporation,

Giti Tire (USA) Ltd.,

Giti Tire (Fujian) Co., Ltd

Chrysler Group, LLC,

John Does I-X;

Jane Does I-X,

Black& White Corporations I-X

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC
☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)
☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under **Nature of Action**)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case"
as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a
substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION
(Place an "**X**" next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☒ Wrongful Death

**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos

July 15, 2010                                       Page 1                                       AK

☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort
☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability
☐ Slander/Libel/Defamation
☐ Other (Specify) _____

**MEDICAL MALPRACTICE:**
☐ Physician M.D.          ☐ Hospital
☐ Physician D.O          ☐ Other
**CONTRACTS:**
☐ Account (Open or Stated)
☐ Promissory Note
☐ Foreclosure
☐ Buyer-Plaintiff
☐ Fraud
☐ Other Contract (i.e. Breach of Contract)
☐ Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
    ☐ Six to Nineteen Structures
    ☐ Twenty or More Structures
**OTHER CIVIL CASE TYPES:**
☐ Eminent Domain/Condemnation
☐ Eviction Actions (Forcible and Special Detainers)
☐ Change of Name
**OTHER CIVIL CASE TYPES : (Continued)**
☐ Transcript of Judgment
☐ Foreign Judgment
☐ Quiet Title
☐ Forfeiture
☐ Election Challenge
☐ NCC- Employer Sanction Action (A.R.S. §23-212)
☐ Injunction against Workplace Harassment
☐ Injunction against Harassment
☐ Civil Penalty

☐ Water Rights(Not General Stream Adjudication)
☐ Real Property
☐ Sexually Violent Person (A.R.S. §36-3704)
    (Except Maricopa County)
☐ Minor Abortion (See Juvenile in Maricopa County)
☐ Special Action Against Lower Courts
    (See lower court appeal cover sheet in Maricopa)
☐ Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)
**UNCLASSIFIED CIVIL:**
☐ Administrative Review
    (See lower court appeal cover sheet in Maricopa)
☐ Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)
☐ Declaratory Judgment
☐ Habeas Corpus
☐ Landlord Tenant Dispute- Other
☐ Restoration of Civil Rights (Federal)
☐ Clearance of Records (A.R.S. §13-4051)
☐ Declaration of Factual Innocence (A.R.S. §12-771)
☐ Declaration of Factual Improper Party Status
☐ Vulnerable Adult (A.R.S. §46-451)
☐ Tribal Judgment
☐ Structured Settlement (A.R.S. §12-2901)
☐ Attorney Conservatorships (State Bar)
☐ Unauthorized Practice of Law (State Bar)
☐ Out-of-State Deposition for Foreign Jurisdiction
☐ Secure Attendance of Prisoner
☐ Assurance of Discontinuance
☐ In-State Deposition for Foreign Jurisdiction
☐ Eminent Domain– Light Rail Only
☐ Interpleader– Automobile Only
☐ Delayed Birth Certificate (A.R.S. §36-333.03)
☐ Employment Dispute- Discrimination
☐ Employment Dispute-Other
☐ Other _____
        (Specify)

## **COMPLEXITY OF THE CASE**

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation
☐ Construction Defect with many parties or structures
☐ Mass Tort
☐ Securities Litigation with many parties
☐ Environmental Toxic Tort with many parties
☐ Class Action Claims
☐ Insurance Coverage Claims arising from the above-listed case types
☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

_____

Additional Defendant(s)

_____

_____

_____

FILED
CHAD A ROCHE
CLERK OF SUPERIOR COURT

2014 MAY -9  PM 1: 10

BY_____
                    AI
        DEPUTY

1    José de Jesús Rivera SBN 004604
     Nathan Fidel, SBN 025136
2    **HARALSON, MILLER, PITT,**
     **FELDMAN & McANALLY, PLC**
3    2800 North Central Avenue, Suite 840
4    Phoenix, Arizona 85004
     (602) 266-5557
5    Fax: (602) 266-2223
     jrivera@hmpmlaw.com
6    nfidel@hmpmlaw.com
7    jlarsen@hmpmlaw.com (minute entries)

8    **THE AMMONS LAW FIRM, L.L.P.**
     3700 Montrose Boulevard
9    Houston, Texas 77006
     (713) 523-1606
10   (713) 523-4159 FAX
11   Robert E. Ammons, ASB #027814
     Email: rob@ammonslaw.com

12
     Attorneys for Plaintiff
13

14           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

15                **IN AND FOR THE COUNTY OF PINAL**

16   | JUAN CARRILLO SANTA CRUZ, | **Case No.:**  **0 1 4 0 1 2 4 5** |
     Individually and as Surviving Spouse of,
17   EVANGELINA LOPEZ MOROYOQUI,        **COMPLAINT**
     Deceased,
18                                       **(Tort – Motor Vehicle, Products**
19                Plaintiffs,            **Liability, Negligence)**
     vs.
20
     GITI TIRE CORPORATION, a foreign        KAREN J. STILLWELL
21   corporation; GITI TIRE (USA), LTD., a foreign
22   corporation; GITI TIRE (FUJIAN) CO., LTD.,
     a foreign corporation; CHRYSLER GROUP,
23   LLC, a foreign corporation; JOHN DOES I-X;
     JANE DOES I-X; BLACK & WHITE
24   CORPORATIONS I-X,
25                Defendants
26

**CONFORMED COPY FURNISHED**

AK

The Plaintiff, by and through undersigned counsel, asserts, avers and alleges as follows:

## **PARTIES JURISDICTION, AND VENUE**

1.  Plaintiff Juan Carrillo Santa Cruz, an adult male, is the surviving husband of Evangelina Lopez Moroyoqui.

2.  Plaintiff is, and was at the time of the incident made the basis of this suit, a resident of Maricopa County, Arizona.

3.  Defendant Giti Tire Corporation (GTC) is a Chinese business organization, the precise nature of which is not known to Plaintiff, doing business in Arizona.  GTC caused events to occur in Arizona out of which this action arises.  Defendant GTC engages in substantial and not isolated business activities in the State of Arizona but does not maintain an agent for service in Arizona.  GTC is subject to the jurisdiction of this Court and can be served pursuant to the Hague Convention, 20 U.S.T. 361 (February 10, 1969) as authorized by the Arizona Rules of Civil Procedure.  Pursuant service of process may be effected by serving a true and correct copy of the summons, with a copy of the complaint attached to the registered agent for Giti Tire Corporation, 280-2 Linhong Road, Changning District Shanghai, 20335 China.

4.  Defendant Giti Tire (USA), Ltd. (GITI USA) is a California limited liability company doing business in Arizona but does not maintain an agent for service in Arizona.  GITI USA caused events to occur in Arizona out of which this action arises.  GITI USA can be served at its home office address of 10404 Sixth Street, Rancho Cucamonga, CA 91730.

5.  Defendant Giti Tire (Fujian) Co., Ltd. (GITI FUJIAN) is a Chinese business organization, the precise nature of which is not known to Plaintiff, doing business in Arizona.  GITI

FUJIAN caused events to occur in Arizona out of which this action arises. Defendant GITI FUJIAN engages in substantial and not isolated business activities in the State of Arizona but does not maintain an agent for service in Arizona. GITI FUJIAN is subject to the jurisdiction of this Court and can be served pursuant to the Hague Convention, 20 U.S.T. 361 (February 10, 1969) as authorized by the Arizona Rules of Civil Procedure. Pursuant service of process may be effected by serving a true and correct copy of the summons, with a copy of the complaint attached to the registered agent for Giti Tire (Fujian) Co., Ltd., Hongpu Industrial Zone, Hushi, Xiuyu Dist. Putian, Fujian, 351146 China.

6.   GTC, GITI USA and GITI FUJIAN were and are in the business of designing and/or manufacturing and/or marketing and/or selling automotive tires.

7.   Defendant Chrysler Group LLC (CHRYSLER) is a Delaware limited liability company having one or more members in Arizona and doing business in Arizona. CHRYSLER caused events to occur in Arizona out of which this action arises. CHRYSLER can be served through its registered agent for service, CT Corporation System, 2390 Camelback Rd., Phoenix, AZ 85016.

8.   Defendants JOHN DOES I-X, JANE DOES I-X, and BLACK & WHITE CORPORATIONS I-X are fictitious names designating an individual or individuals or legal entities not yet identified who have acted in concert with the named Defendants, either as principals, agents, or co-participants whose true names Plaintiffs may insert when identified.

9.   This Court has jurisdiction over the parties and subject matter, and venue is proper in Pinal County, Arizona, where the incident made the basis of Plaintiff's causes of action

occurred.

## **GENERAL ALLEGATIONS**

10.     Plaintiff brings this action individually and as the surviving husband of the decedent pursuant to A.R.S. §§ 12-611, 12-612 *et seq.*

11.     At issue in this lawsuit is a Runway Enduro A/T tire bearing DOT No. 5WV8 1609 ( "the Runway Enduro" or "the subject tire").

12.     The subject tire failed due to tread separation.

13.     At all times material, Defendants GTC and/or GITI USA and/or GITI FUJIAN were the manufacturers of the subject tire.

14.     Also at issue in this lawsuit was a 2000 Dodge Dakota bearing VIN 1B7GL2AZ3YS67249 (hereafter also the "Dakota" or "the subject vehicle").

15.     At all times material, Defendant CHRYSLER was the manufacturer of the subject vehicle.

16.     On or about September 11, 2013, Juan Carrillo Santa Cruz was operating the Dakota on IH-10 in Pinal County, Arizona with his wife, Evangelina Lopez Moroyoqui, as his right front passenger when the subject tire positioned at the Dakota's left rear position experienced a tread separation.

17.     The tire disablement caused a loss of directional control over the Dakota which left the roadway and rolled over.

18.     Both Juan Carrillo Santa Cruz and Evangelina Lopez Moroyoqui were utilizing their seat belts at the time of the collision.

19.     Evangelina Lopez Moroyoqui suffered severe craniocerebral injuries in the collision.

20.     Evangelina Lopez Moroyoqui died from these injuries.

21. At the time of her death, Evangelina Lopez Moroyoqui was 72 years old.

22. Juan Carrillo Santa Cruz survives Evangelina Lopez Moroyoqui as her widower.

23. Juan Carrillo Santa Cruz suffered multiple serious traumatic injuries in the collision but survived.

### COMMON ALLEGATIONS AGAINST GTC, GITI USA AND GITI FUJIAN

24. Plaintiff would show that the subject tire was designed in a defective condition.

25. Plaintiff would show that the subject tire was manufactured in a defective condition.

26. Plaintiff would show that the subject tire was assembled in a defective condition.

27. Plaintiff would show that the subject tire was marketed in a defective condition.

28. Plaintiff would show that the subject tire was sold in a defective condition.

29. Plaintiff would show that the subject tire was placed into the stream of commerce in a defective condition.

30. Plaintiff would show that at the time of the collision, the subject tire was substantially unchanged from the time it was placed into the stream of commerce.

31. Plaintiff contends that the subject tire was unreasonably dangerous as that term is understood in Arizona law and the Restatement (Second) of Torts §402A.

32. The defective design of the subject tire rendered it unreasonably dangerous for its intended and foreseeable purpose.

33. The defective design of the subject tire was the proximate and producing cause of Plaintiff's injuries and damages.

34. The defective manufacture of the subject tire rendered it unreasonably dangerous for its intended and foreseeable purpose.

35. The defective manufacture of the subject tire was the proximate and producing cause of

Plaintiff's injuries and damages.

36. The defective assembly and construction of the subject tire rendered it unreasonably dangerous for its intended and foreseeable purpose.

37. The defective assembly and construction of the subject tire was the proximate and producing cause of Plaintiff's injuries and damages.

38. The defective marketing of the subject tire rendered it unreasonably dangerous for its intended and foreseeable purpose.

39. The defective marketing of the subject tire was the proximate and producing cause of Plaintiff's injuries and damages.

40. Sale and placement into the stream of commerce of the subject tire was a proximate and producing cause of Plaintiff's injuries and damages.

41. Defendants are liable under the doctrine of strict products liability in tort for injuries and damages produced by defects in the subject tire.

## COMMON ALLEGATIONS AGAINST CHRYSLER

42. Plaintiff would show that the subject vehicle was designed in a defective condition.

43. Plaintiff would show that the subject vehicle was manufactured in a defective condition.

44. Plaintiff would show that the subject vehicle was marketed in a defective condition.

45. Plaintiff would show that the subject vehicle was sold in defective condition.

46. Plaintiff would show that the subject vehicle was placed into the stream of commerce in a defective condition.

47. Plaintiff would show that at the time of the collision, the subject vehicle was substantially unchanged from the time it was placed into the stream of commerce.

48. Plaintiff contends that the subject vehicle was unreasonably dangerous as that term is

understood in Arizona law and the Restatement (Second) of Torts §402A.

49. The defective design of the subject vehicle rendered it unreasonably dangerous for its intended and foreseeable purpose.

50. Chrysler is liable under the doctrine of strict products liability in tort for injuries and damages produced by defects in the subject tire.

## COUNT 1

### NEGLIGENCE

### (Against GTC, GITI USA and GITI FUJIAN)

51. The damages suffered by Plaintiff were proximately caused by the negligence of Defendants GTC, GITI USA and GITI FUJIAN in designing, manufacturing, assembling, testing, inspecting and placing into the stream of commerce the subject tire.

52. GITI FUJIAN negligently designed the subject tire.

53. GITI FUJIAN negligently manufactured the subject tire.

54. GITI FUJIAN failed to incorporate in the skim stock of the subject tire the requisite amount of antidegradant chemical(s).

55. GITI FUJIAN failed to incorporate a full nylon cap ply into the subject tire's belts.

56. GITI FUJIAN failed to achieve adequate bonding and adhesion of the subject tire's components while curing.

57. GITI FUJIAN failed to properly assemble the green tire components of the subject tire during the building process.

58. GTC, GITI USA and GITI FUJIAN failed to properly test and inspect the Runway Enduro.

59. GTC, GITI USA and GITI FUJIAN failed to provide reasonable and adequate warnings

to the users of the subject tire about its unreasonably dangerous conditions and the effects of age on its components.

60.   GTC, GITI USA and GITI FUJIAN placed into the stream of commerce the subject tire with an inner liner that was too thin and did not contain enough halobutyl.

61.   The negligence of Defendants GTC, GITI USA and GITI FUJIAN was a proximate cause of the collision, the death of Evangelina Lopez Moroyoqui, and of Plaintiff's injuries and damages.

<u>**COUNT II**</u>

**PRODUCTS LIABILITY**

**(Against GTC, GITI USA and GITI FUJIAN)**

62.   At all times material, GITI FUJIAN was the manufacturer of Runway Enduro A/T brand tires that include the subject tire.

63.   The subject tire was defective in a number of ways.

64.   The subject tire's components improperly bonded during its manufacture.

65.   The subject tire's belts exhibit stepoff wander.

66.   The Runway Enduro's skim stock did not contain the requisite amount of antidegradant chemicals such that its internal components would adequately resist breakdown as a result of the escape of inflationary gases into the tire's internal structure.

67.   The subject tire experienced premature degradation.

68.   The Runway Enduro lacked a full nylon cap ply.

69.   The inner liner of the Runway Enduro was too thin and did not contain enough halobutyl.

70.   The subject tire was placed into the stream of commerce without warnings regarding its defects and the effects of tire aging.

71.    The unreasonably dangerous nature of the subject tire's defects creates a high probability that at highway speeds the tire will, without warning to the driver, suffer tread separation with resulting loss of human life and/or severe and permanent personal injuries.

72.    The defects in the subject tire were a producing cause of the collision, the death of Evangelina Lopez Moroyoqui, and of Plaintiff's injuries and damages.

## COUNT III

### NEGLIGENCE

### (Against CHRYSLER)

73.    The injuries and damages suffered by Plaintiff were proximately caused by the negligence of Defendant CHRYSLER in designing, manufacturing, assembling, testing, inspecting and placing into the stream of commerce the Dakota.

74.    CHRYSLER negligently designed the subject vehicle.

75.    CHRYSLER negligently manufactured the subject vehicle.

76.    CHRYSLER failed to design the subject vehicle with adequate roof strength.

77.    CHRYSLER failed to design the subject vehicle with seat belts that would properly restrain occupants and maintain them in contact or in close proximity to their seat backs and seat cushions in foreseeable rollover collisions.

78.    CHRYSLER failed to conduct sufficient and proper dynamic rollover testing to determine the efficacy of its roof structure and seat belt restraints in foreseeable rollover collisions.

79.    CHRYSLER failed to provide reasonable and adequate warnings to the users of the subject vehicle about its unreasonably dangerous conditions and lack of crashworthiness.

80.    CHRYSLER failed to place individuals in positions of responsibility for rollover crash

safety.

81.     CHRYSLER chose to disregard and ignore generally accepted principles of hazard control ("design, guard and warn") as well as its obligation to hold the safety of the public paramount.

82.     The negligence of Defendant CHRYSLER was a proximate cause of the death of Evangelina Lopez Moroyoqui, and Plaintiff's injuries and damages.

## COUNT IV

### PRODUCTS LIABILITY

### (Against CHRYSLER)

83.     At all times material, CHRYSLER (under its current and previous names)  was the manufacturer of Dodge Dakotas, including the subject vehicle.

84.     The Dodge Dakota was defective in a number of ways.

85.     The Dodge Dakota's roof structure is inadequate to withstand loading it would receive in foreseeable rollover collisions.

86.     The Dodge Dakota's seat belts do not properly restrain the vehicle's occupants and maintain them in contact or in close proximity to their seat backs and seat cushions in foreseeable rollover collisions.

87.     The unreasonably dangerous nature of the subject vehicle's defects creates a high probability that, in the event of a rollover, there will be loss of human life and/or severe and permanent personal injuries.

88.     The defects in the subject vehicle were a producing cause of the death of Evangelina Lopez Moroyoqui, and  Plaintiff's injuries and damages.

//

## COUNT V

## SPECIAL AND GENERAL DAMAGES

### (Against All Defendants)

### Wrongful Death Damages

89.  As a direct and proximate result of the collision in question and of the conduct and negligence of the Defendants, Evangelina Lopez Moroyoqui died.

90.  As a result of the death of Evangelina Lopez Moroyoqui, her surviving husband, Juan Carrillo Santa Cruz, has suffered personal losses in an amount far in excess of the minimum jurisdictional limits of this Court.

91.  As a result of the death of Evangelina Lopez Moroyoqui, her surviving husband, Juan Carrillo Santa Cruz, has suffered emotional loss, including the loss of love, affection, comfort, companionship, and society that he would have received from Evangelina Lopez Moroyoqui had she lived.

92.  As a result of the death of Evangelina Lopez Moroyoqui, her surviving husband, Juan Carrillo, has been caused to suffer pain, grief, sorrow, anguish, stress, shock, and mental suffering.

### Personal Injury Damages

93.  As a direct and proximate result of the collision in question and of the conduct and negligence of the Defendants, Juan Carrillo Santa Cruz was seriously injured, and his injuries are permanent in nature.

94.  As a direct and proximate result of the collision in question and of the conduct and negligence of the Defendants, Juan Carrillo Santa Cruz has incurred, and in reasonable probability will continue to incur in the future, expenses for medical care, treatment and

medication.

95.   As a direct and proximate result of the collision in question and of the conduct and negligence of the Defendants, Juan Carrillo Santa Cruz has suffered physical pain and mental anguish, and in reasonable probability he will continue to suffer physical pain and mental anguish in the future.

96.   As a direct and proximate result of the collision in question and of the conduct and negligence of the Defendants, Juan Carrillo Santa Cruz has suffered physical impairment, limitation of activities and loss of life's enjoyment, and in reasonable probability he will continue to suffer physical impairment, limitation of activities and loss of life's enjoyment in the future.

## **RELIEF REQUEST**

Plaintiff requests a judgment in his favor and against the Defendants as follows:

(1) For Plaintiff's actual and compensatory damages in an amount to be proven at a jury trial;

(2) Pre-judgment and post-judgment interest as provided by law;

(3) Taxable costs of suit;

(4) And such other and further relief as this Court may deem just and proper.

///

1    DATED this 7ᵗʰ day of May, 2014.

2

3                   HARALSON, MILLER, PITT,
                     FELDMAN & McANALLY, P.L.C.

4                   By _____

5                     José de Jesús Rivera
                     Nathan J. Fidel

6

7                           & 

8                   THE AMMONS LAW FIRM, L.L.P.
                     Robert E. Ammons

9

10                  Counsel for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FILED
CHAD A ROCHE
CLERK OF SUPERIOR COURT

2014 MAY -9  PM 1: 15

BY_____ AI
              DEPUTY

1  José de Jesus Rivera SBN 004604
   Nathan Fidel, SBN 025136
2  **HARALSON, MILLER, PITT,**
   **FELDMAN & McANALLY, PLC**
3  2800 North Central Avenue, Suite 840
   Phoenix, Arizona 85004
4  (602) 266-5557
   Fax:  (602) 266-2223
5  jrivera@hmpmlaw.com
   nfidel@hmpmlaw.com
6  jlarsen@hmpmlaw.com (minute entries)
7
8  **THE AMMONS LAW FIRM, L.L.P.**
   3700 Montrose Boulevard
9  Houston, Texas 77006
   (713) 523-1606
10 (713) 523-4159 FAX
   Robert E. Ammons, ASB #027814
11 Email: rob@ammonslaw.com
12
   Attorneys for Plaintiff
13
14          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
15            **IN AND FOR THE COUNTY OF PINAL**
16 JUAN CARRILLO SANTA CRUZ,          Case No.: CV2 0 1 4 0 1 2 4 5
   individually and as Surviving Spouse of,
17 EVANGELINA LOPEZ MOROYOQUI,        **PLAINTIFF'S CERTIFICATE**
   Deceased,                          **ON COMPULSORY**
18                                     **ARBITRATION**
              Plaintiffs,
19 vs.                                 **(Tort – Motor Vehicle, Products**
20                                     **Liability, Negligence)**
   GITI TIRE CORPORATION, a foreign
21 corporation; GITI TIRE (USA), LTD., a foreign
   corporation; GITI TIRE (FUJIAN) CO., LTD.,
22 a foreign corporation; CHRYSLER GROUP,     KAREN J. STILLWELL
   LLC, a foreign corporation; JOHN DOES I-X;
23 JANE DOES I-X; BLACK & WHITE
   CORPORATIONS I-X,
24            Defendants.
25
26

CONFORMED COPY FURNISHED

AK

The undersigned certifies that the largest award sought by the complainant, excluding interest, attorney's fees, and costs, does exceed the limits set by Local Rule for compulsory arbitration.  This case is not subject to the Uniform Rules of Procedure for Arbitration.

I further certify that I have read this certificate of compulsory arbitration and the complaint filed herewith, and that to the best of my knowledge, information and belief, formed after reasonable inquiry, it is warranted; and, that the allegation as to arbitrability is not set forth for any improper purpose.

I understand that I have an affirmative duty to seasonably amend this Certificate if I obtain information from which I know this certification either was incorrect when made, or, though correct when made, is no longer true.

These certifications are made subject to the provision of Rule 11(a) Arizona Rules of Civil Procedure.

DATED this 8th day of May, 2014.

HARALSON, MILLER, PITT,
FELDMAN & McANALLY, P.L.C.

By_____
      José de Jesús Rivera
      Nathan J. Fidel

                    &

THE AMMONS LAW FIRM, L.L.P.
      Robert E. Ammons

      Counsel for Plaintiff

2

# EXHIBIT  "B"

1  | Paul G. Cereghini (009641)
   | Stephanie L. Chilton (016421)
2  | Corey I. Richter (024239)
   | **BOWMAN AND BROOKE LLP**
3  | Suite 1600, Phoenix Plaza
   | 2901 North Central Avenue
4  | Phoenix, Arizona  85012-2761
   | (602) 643-2300
5  | (602) 248-0947 – Fax
   | paul.cereghini@bowmanandbrooke.com
6  | stephanie.chilton@bowmanandbrooke.com
   | corey.richter@bowmanandbrooke.com
7  | Minute Entries:  mme@phx.bowmanandbrooke.com

8  | Attorneys for Defendant Chrysler Group LLC

9

10

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11

**IN AND FOR THE COUNTY OF PINAL**

12

| | |
|---|---|
| JUAN CARRILLO SANTA CRUZ, individually and as Surviving Spouse of, EVANGELINA LOPEZ MOROYOQUI, Deceased, | No. CV2014-01245 |
| Plaintiff, | **NOTICE OF FILING NOTICE OF REMOVAL** |
| v. | (Assigned to Commissioner Karen J. Stillwell) |
| GITI TIRE CORPORATION, a foreign corporation; GITI TIRE (USA), LTD., a foreign corporation; GITI TIRE (FUJIAN) CO., LTD., a foreign corporation; CHRYSLER GROUP, LLC, a foreign corporation; JOHN DOES I-X; JANE DOES I-X; BLACK AND WHITE CORPORATIONS, I-X, | |
| Defendants. | |

23  **PLEASE TAKE NOTICE** that Defendant Chrysler Group LLC ("Chrysler Group")

24  has removed this action to the United States District Court for the District of Arizona,

25  Division 1, pursuant to 28 U.S.C. § 1332.  A true copy of the Notice of Removal (without

26  exhibits) filed in the United States District Court for the District of Arizona is attached

27  hereto as Exhibit "A."

28  / / / /

8634989v1

1   Dated this _5TH_ day of June, 2014

2                                        BOWMAN AND BROOKE LLP

3
                                         By: _____
4                                            Paul G. Cereghini
                                             Stephanie L. Chilton
5                                            Corey I. Richter

6                                        Attorneys for Chrysler Group LLC

7   **ORIGINAL** of the foregoing sent for filing
    Via Federal Express on this _5TH_ day of
8   June, 2014, with:

9   Clerk of the Superior Court
10  971 N. Jason Lopez Circle Bldg. A
    Florence, AZ  85132

11  **COPY** of the foregoing provided to:
12
    Commissioner Karen J. Stillwell
13  Pinal County Superior Court

14  **COPY** of the foregoing mailed
    this _5TH_ day of June, 2014, to:
15
16  Jose de Jesus Rivera
    Nathan Fidel
17  HARALSON, MILLER, PITT, FELDMAN
      & McANALLY, PLC
18  2800 N. Central Avenue, Suite 840
    Phoenix, AZ  85004
19  Co-Counsel for Plaintiff

20  Robert E. Ammons
    THE AMMONS LAW FIRM, L.L.P.
21  3700 Montrose Blvd.
    Houston, TX  77006
22  Co-Counsel for Plaintiff

23
24  _Gloria J. Anderson_
25
26
27
28

# EXHIBIT  "A"

1  Paul G. Cereghini (009641)
   Stephanie L. Chilton (016421)
2  Corey I. Richter (024239)
   **BOWMAN AND BROOKE LLP**
3  Suite 1600, Phoenix Plaza
   2901 North Central Avenue
4  Phoenix, Arizona  85012-2761
   (602) 643-2300
5  (602) 248-0947 – Fax
   paul.cereghini@bowmanandbrooke.com
6  stephanie.chilton@bowmanandbrooke.com
   corey.richter@bowmanandbrooke.com
7  Minute Entries:  mme@phx.bowmanandbrooke.com

8  Attorneys for Defendant Chrysler Group LLC

9
                    **UNITED STATES DISTRICT COURT**
10
                        **DISTRICT OF ARIZONA**
11
   JUAN CARRILLO SANTA CRUZ,            )
12 individually and as Surviving Spouse of, )   No.
   EVANGELINA LOPEZ MOROYOQUI,          )
13 Deceased,                            )
                                        )   **DEFENDANT CHRYSLER GROUP**
14          Plaintiff,                  )   **LLC'S NOTICE OF REMOVAL**
                                        )
15 v.                                   )
                                        )
16 GITI TIRE CORPORATION, a foreign     )
   corporation; GITI TIRE (USA), LTD., a )
17 foreign corporation; GITI TIRE (FUJIAN) )
   CO., LTD., a foreign corporation;    )
18 CHRYSLER GROUP, LLC, a foreign       )
   corporation; JOHN DOES I-X; JANE     )
19 DOES I-X; BLACK AND WHITE            )
   CORPORATIONS, I-X,                   )
20                                      )
            Defendants.                 )
21 _____ )

22      **PLEASE TAKE NOTICE** that Defendant Chrysler Group, LLC ("Chrysler
23 Group") hereby removes the above-captioned action from the Superior Court of the
24 State of Arizona in and for the County of Pinal, to the United States District Court for
25 the District of Arizona, pursuant to 28 U.S.C. §§ 1332 and 1446.  A copy of this
26 notice of removal is concurrently filed with the Clerk of the Superior Court of the
27 State of Arizona in and for the County of Pinal in order to effect removal pursuant to
28 28 U.S.C. § 1446(b) and (d), and in accordance with Local Rule 3.7, Rules of

Practice of the United States District Court for the District of Arizona.  The State Court shall proceed no further unless and until this case is remanded.  28 U.S.C. § 1446(d).

Defendant submits this Notice of Removal pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1332, and in support hereof will show:

**I.   HISTORY OF PROCEEDINGS**

1.   On May 9, 2014, Plaintiff Juan Carrillo Santa Cruz, individually and as surviving spouse of Evangelina Lopez Moroyoqui, filed a Complaint in the Pinal County Superior Court for the State of Arizona captioned <u>Plaintiff Juan Carrillo Santa Cruz, individually and as Surviving Spouse of Evangelina Lopez Moroyoqui, deceased, Plaintiffs v. Giti Tire Corporation, a foreign corporation; Giti Tire (USA), Ltd., a foreign corporation; Giti Tire (Fujian) Co., Ltd., a foreign corporation; Chrysler Group, LLC, a foreign corporation; John Does I-X; Jane Does I-X; Black & White Corporations I-X, Defendants</u>, bearing Case No. CV2014-01245.

2.   Plaintiff's Complaint alleges that Juan Carrillo Santa Cruz was injured, and Evangelina Lopez Moroyoqui died, when the vehicle that Plaintiff Juan Carrillo Santa Cruz was driving lost control, left the roadway, and rolled over.  Plaintiff's Complaint alleges that "Juan Carrillo Santa Cruz sustained multiple traumatic injuries in the collision but survived," and alleges that "Evangelina Lopez Moroyoqui suffered severe craniocerebral injuries in the collision [and] died from these injuries."

3.   Chrysler Group was served with a Summons and the Complaint on May 15, 2014.

4.   Because this Notice of Removal is filed within thirty (30) days after Chrysler Group's receipt of the Complaint, this Notice of Removal is timely filed under United States Code, Title 28, section 1446(b).

5.   In compliance with Rule 3.7 of the Rules of Practice in the United States District Court for the District of Arizona, true and complete copies of all state court filings in this matter are attached collectively as Exhibit "A."

6.     This action is a civil action that falls under the Court's original jurisdiction pursuant to United States Code, Title 28, section 1332, and is one that may be removed to this Court by Defendants pursuant to the provisions of Title 28, section 1441 (a) and (c).

7.     Upon information and belief, and according to the Pinal County Superior Court docket, Giti Tire Corporation, Giti Tire (USA), and Ltd., Giti Tire (Fujian) Co., Ltd., have not been served with a summons and the Complaint in this matter and, therefore, those entities need not consent to removal of this action to this Court. *See* 28 U.S.C § 1446(b)(2)(A).

8.     Written notice of this Notice of Removal will be promptly given to all parties in this action. The written notice of filing and a copy of the Notice of Removal is being filed simultaneously with the clerk of the Pinal County Superior Court for the State of Arizona, a copy of which has been attached as Exhibit "B."

## II.   GROUNDS FOR REMOVAL

This case is removable pursuant to United States Code, Title 28, section 1441, because the United States District Court has original jurisdiction under Title 28, section 1332(a), which provides in pertinent part: "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states." In filing this Notice of Removal, Chrysler Group does not waive any defenses available to it in this action or its right to challenge this Court's personal jurisdiction. Chrysler Group demands a trial by jury.

### A.   Diversity of Citizenship

1.     Plaintiff is alleged to be a resident of Maricopa County, Arizona. *See* Complaint, Ex. A, ¶ 2. Therefore, Plaintiff is a citizen of the State of Arizona.

2.     Defendant Chrysler Group is a Delaware limited liability company with its principal place of business in the State of Michigan.

/ / / /

/ / / /

3.     Therefore, there is complete diversity of citizenship between the parties[1] and this case meets the diversity requirement for federal jurisdiction under United States Code, Title 28, section 1332(a).

4.     Based upon information and belief, no fictitious defendant has been served with process.  For removal purposes, the citizenship of fictitious defendants is in any event ignored.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

**B.     Amount in Controversy**

1.     Plaintiff does not specify the precise amount of alleged damages in his Complaint.  Nonetheless, even if the Court determines that it is not evident on the face of the Complaint that the amount in controversy exceeds $75,000, the Court may look beyond the face of the Complaint.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint" (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375-77 (9th Cir. 1997))); *Gaus v. Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992).  Furthermore, the removing defendant need not establish the amount in controversy with 100% accuracy.  *Valdez*, 372 F.3d at 1117.  It need only establish by a preponderance of the evidence that the amount in controversy is in excess of $75,000.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996)).

2.     Plaintiff is seeking damages for the death of Evangelina Lopez Moroyoqui including, among other things: (1) "personal losses in an amount far in excess of the minimum jurisdictional limits of this Court;" (2) "emotional loss, including the loss of love, affection, comfort, companionship, and society that he would have received from Evangelina Lopez Moroyoqui had she lived;" and (3)

---

[1] Notably, the other named defendants who, upon information and belief, have never been served with a summons and the Complaint in this action, are, according to Plaintiff's Complaint, foreign entities as well.

"pain, grief, sorrow, anguish, stress, shock, and mental suffering." Furthermore, Plaintiff is seeking damages for his personal injuries, which he characterizes as "permanent in nature," including, (1) past and future "medical care, treatment and medication;" (2) past and future "physical pain and mental anguish"; and (3) past and future "physical impairment, limitation of activities and loss of life's enjoyment."

3.     Without conceding that Plaintiff is entitled to any damages, it is facially apparent by a preponderance of evidence that the amount in controversy asserted in Plaintiff's claims exceeds $75,000.   If the Court for any reason is inclined to disagree, Chrysler Group would respectfully request the opportunity to conduct additional jurisdictional discovery to confirm the amount in controversy.

III.   **CONCLUSION**

WHEREFORE, Chrysler Group requests that this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the Arizona Superior Court regarding the action be stayed.   Chrysler Group further demands that the trial of this matter in federal court be heard by a jury.

Dated this 5th day of June, 2014

BOWMAN AND BROOKE LLP

By: _____/s/ Corey I. Richter_____
        Paul G. Cereghini
        Stephanie L. Chilton
        Corey I. Richter

Attorneys for Chrysler Group LLC

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on the 5th day of June, 2014, I electronically transmitted the |
| 3 | attached document to the Clerk's Office using the ECF System for filing and forwarded a |
| 4 | copy by regular mail of the United State Post Office to: |
| 5 | Jose de Jesus Rivera |
| | Nathan Fidel |
| 6 | HARALSON, MILLER, PITT, FELDMAN |
| | & McANALLY, PLC |
| 7 | 2800 N. Central Avenue, Suite 840 |
| | Phoenix, AZ  85004 |
| 8 | Co-Counsel for Plaintiff |
| 9 | Robert E. Ammons |
| | THE AMMONS LAW FIRM, L.L.P. |
| 10 | 3700 Montrose Blvd. |
| | Houston, TX  77006 |
| 11 | Co-Counsel for Plaintiff |
| 12 | |
| 13 | ___/s/ Gloria J. Anderson_____ |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |